BRITT BILES (D.C. Bar # 503027)
Email: bilesb@sec.gov
DUANE K.THOMPSON (D.C. Bar # 376180)
Email: thompsond@sec.gov

Attorneys for the Plaintiff
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C.  20549-5949
Telephone: (202) 551-4779 (Biles)
Facsimile: (202) 772-9282

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                    Plaintiff,<br><br>           v.<br><br>ADESH KUMAR TYAGI,<br><br>                    Defendant. | Case No. 4:17-cv-03128-JSW<br><br>[PROPOSED]<br><br>FINAL JUDGMENT AGAINST DEFENDANT ADESH KUMAR TYAGI IMPOSING A PERMANENT INJUNCTION, AN OFFICER AND DIRECTOR BAR, PENNY STOCK BAR, AND DISGORGEMENT WITH PREJUDGMENT INTEREST |

The Securities and Exchange Commission having filed a Complaint and Defendant Adesh Kumar Tyagi ("Defendant" or "Tyagi") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication

in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

1   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
2   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
3   binds the following who receive actual notice of this Final Judgment by personal
4   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and
5   attorneys; and (b) other persons in active concert or participation with Defendant or
6   with anyone described in (a).

7                                         III.

8   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
9   permanently restrained and enjoined from violating Section 13(d) of the Exchange
10   Act [15 U.S.C. § 78m(d)] and Rule 13d-l [17 CFR § 240.13d-l] promulgated
11   thereunder, by failing to file with the Commission a statement containing the
12   information required by Schedule 13D (as provided in 17 C.F.R. § 240.13d-101),
13   within 10 days after acquiring directly or indirectly the beneficial ownership of more
14   than five percent of any equity security of a class which is specified in Exchange Act
15   Rule 13d-1(i) [17 CFR § 240.13d-1(i)].

16   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
17   provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
18   binds the following who receive actual notice of this Final Judgment by personal
19   service or otherwise:  (a) Defendant's officers, agents, servants, employees, and
20   attorneys; and (b) other persons in active concert or participation with Defendant or
21   with anyone described in (a).

22                                         IV.

23   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is
24   permanently restrained and enjoined from violating Section 16(a) of the Exchange
25   Act [15 U.S.C. § 78p(a)] and Rule 16a-3 [17 CFR § 240.16a-3] promulgated
26   thereunder, by failing to file information, documents, and reports as required pursuant
27   to Section 16(a) of the Exchange Act and Rule 16a-3, in the absence of any
28   applicable exemption, when Defendant is, directly or indirectly, the beneficial owner

of more than 10 percent of any class of any equity security (other than an exempted security) which is registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l], or is a director or an officer of an issuer of such security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity owned or controlled by Defendant, participating in the issuance, purchase, offer, or sale of any security of an entity of which he is an officer, director, owner, direct or indirect, of 10% or more of the issued and outstanding securities, or control person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports

1  pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

2                                    VII.

3        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

4  permanently barred from participating in an offering of penny stock, including

5  engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading,

6  or inducing or attempting to induce the purchase or sale of any penny stock.  A penny

7  stock is any equity security that has a price of less than five dollars, except as

8  provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

9                                    VIII.

10       IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is

11  liable for disgorgement of $244,208, representing profits gained as a result of the

12  conduct alleged in the Complaint, together with prejudgment interest thereon in the

13  amount of $49,387.19.  Defendant shall satisfy this obligation by paying $293,595.19

14  to the Securities and Exchange Commission pursuant to the terms of the payment

15  schedule set forth in paragraph VIII below after entry of this Final Judgment.

16       Defendant may transmit payment electronically to the Commission, which will

17  provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also

18  be made directly from a bank account via Pay.gov through the SEC website at

19  http://www.sec.gov/about/offices/ofm.htm.  Defendant may also pay by certified

20  check, bank cashier's check, or United States postal money order payable to the

21  Securities and Exchange Commission, which shall be delivered or mailed to

22       Enterprise Services Center

23       Accounts Receivable Branch

24       6500 South MacArthur Boulevard

25       Oklahoma City, OK 73169

26  and shall be accompanied by a letter identifying the case title, civil action number,

27  and name of this Court; Adesh Kumar Tyagi as a defendant in this action; and

28  specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.  The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collections procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IX.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant shall pay the total of disgorgement and prejudgment interest in three installments to the Commission according to the following schedule: (1) $44,039.28 within 14 days of the entry of the Final Judgment; (2) $102,758.32 within one-hundred-and-eighty (180) days of the entry of the Final Judgment; and (3) $146,797.59 within three-hundred-and-sixty-five (365) days of the entry of the Final Judgment.  Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. §1961 on any unpaid amounts due after 14 days of the entry of Final Judgment.  Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application of the Court.

X.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

XI.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:   August 17, 2017

_____
Honorable Jeffrey S. White
United States District Judge